United States District Court
Southern District of Texas
**ENTERED**
November 08, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE ANDRADE, (TDCJ-CID #1735949) Petitioner, vs. LORIE DAVIS, Respondent. | CIVIL ACTION NO. H-16-2554 |

## MEMORANDUM AND OPINION

The petitioner, Joe Andrade, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his state-court conviction for aggravated assault with a deadly weapon. This threshold issue is whether Andrade filed this suit so late, that it must be dismissed.

A jury of the 272nd Judicial District Court of Brazos County, Texas, found Andrade guilty of aggravated assault with a deadly weapon and, on August 25, 2011, sentenced him to twenty-five years imprisonment. (Cause Number 09-03748-CRF-272). Andrade did not appeal his conviction. *See* Texas Judiciary Website, http://www.search.txcourts.gov. Andrade filed an application for state habeas corpus relief on March 3, 2016, which the Texas Court of Criminal Appeals denied without written order on July 27, 2016.

On August 17, 2016, the federal court received Andrade's federal petition. Andrade contends that his conviction is void because the state trial court lacked jurisdiction, the evidence was insufficient, and the prosecutor engaged in misconduct. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-27).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), sets a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

A district court may raise the time-limit issue on its own and dismiss a habeas petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). In an order entered on September 29, 2016, this court directed Andrade to file a written statement by October 28, 2016, showing why this court should not dismiss his petition as time-barred under 28 U.S.C. § 2244(d). (Docket Entry No. 6). Andrade has not complied.

Under this statute, the limitations period begins to run from "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Id.* § 2244(d)(1)(A). The state trial court convicted Andrade on August 25, 2011. Andrade's state-court conviction became final on September 26, 2011, when the time expired for filing an appeal in the Texas Court of Appeals. *See* TEX. R. APP. P. 26.2 (formerly TEX. R. APP. P. 41(b)(1)). The one-year federal habeas filing deadline was September 26, 2012. Andrade did not file this federal petition until August 10, 2016.

A properly filed application for state postconviction relief may extend the limitations period. 28 U.S.C. § 2244(d)(2) (West 1997). Andrade's state habeas application did not extend the September 26, 2012 deadline because he filed it after the deadline had expired.

The one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 810-11 (5th Cir. 1998); *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied,* 531 U.S. 1035 (2000). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson,* 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis,* 158 F.3d at 810). A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000). "'Equitable tolling applies

principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied,* 529 U.S. 1057 (2000); *see also Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001).

Andrade may argue that he was representing himself and that he lacked the requisite knowledge to file a federal petition. Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), *cert. denied,* 120 S. Ct. 504 (1999). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher v. Johnson,* 174 F.3d 710, 715 n.14 (5th Cir. 1999).

Andrade does not satisfy any of the exceptions to the AEDPA filing deadline. The record does not indicate that any unconstitutional state action prevented Andrade from filing his petition for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Andrade's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Andrade's claims relate to his trial on August 25, 2011. Andrade has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Andrade's federal habeas challenges to his 2011 state conviction are dismissed as time-barred. This case is dismissed. Any remaining pending motions are denied as moot.

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability will not issue unless the prisoner shows that jurists of reason would find it debatable whether the petition states

a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). The record does not make this showing. This court will not issue a certificate of appealability.

SIGNED on November 7, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge